## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| API, INC. ASBESTOS SETTLEMENT TRUST, | Court File No: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| ATLANTIC MUTUAL INSURANCE COMPANY, | JURY TRIAL REQUESTED |
| Defendant. | |

The API, INC. Asbestos Settlement Trust (the "Trust") states and alleges as follows:

### NATURE OF THE ACTION

1.     The Trust brings this lawsuit for the benefit of victims of asbestos in order to recover fair and just compensation for their injuries and deaths. The Trust seeks to recover insurance coverage proceeds and damages that defendant Atlantic Mutual Insurance Company ("Atlantic") owed A.P.I. Inc. ("API"), and to which the Trust is now entitled.

2.     The Trust is a Minnesota trust with its principal place of business in Minneapolis, Minnesota.

3.     The Trust was created as part of the API bankruptcy plan. The Trust was formed under 11 U.S.C. § 524(g) for the purpose of channeling all asbestos-related death

and personal injury claims asserted against API ("Asbestos-Related Claims") to a trust. *See In re A.P.I. Inc.*, administered under Case No. BLY 05-30073-GFK, United States Bankruptcy Court, District of Minnesota, Kishel, C.J.

4.     The United States Bankruptcy Court's Order confirmed API's Third Amended Plan of Reorganization and the United States District Court for the District of Minnesota Order affirmed the confirmation and various injunctions. *See One Beacon v. A.P.I. Inc.*, administered under Case No. 06-167 (JNE), United States District Court, District of Minnesota, Ericksen, J.

5.     The Trust has assumed the rights and liabilities of API with respect to Asbestos-Related Claims, including the right to pursue API's insurers and insurance rights.

6.     The Trust brings this lawsuit against Atlantic to recover insurance proceeds and damages arising from Atlantic's status as an insurer of API. The proceeds from this lawsuit will be held by the Trust and used in order to rightfully compensate victims of asbestos.

7.     Atlantic is a corporation organized under the laws of New York with its principal place of business in New York. At all relevant times, Atlantic was licensed to do business, and was doing and transacting business in the State of Minnesota.

8.     Atlantic has refused to afford any coverage for Asbestos-Related Claims. However, there is sufficient information to reconstruct the insurance policy that Atlantic issued to API to cover Asbestos-Related Claims. The Trust seeks to hold Atlantic accountable for its contractual and other obligations.

## JURISDICTION AND VENUE

9.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the Trust and Atlantic are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) in that the policy at issue was sold by Atlantic to API in Minnesota. Venue is also proper under 28 U.S.C. § 1391(c) and Minnesota Statute § 543.19 because Atlantic is licensed to conduct business, has offices and conducts business in Minnesota.

## GENERAL FACTUAL ALLEGATIONS

**A.     Asbestos-Related Claims**

11.     All of the claims at issue in this matter relate to insurance coverage for the operations of API, which gave rise and will continue to give rise to Asbestos-Related Claims.

12.     Between the 1940's and the 1970's, API sold, distributed, and installed insulation materials that contained asbestos. As the result of API's operations, workers and other claimants suffered serious and fatal injuries from the inhalation of asbestos dust. Beginning in about 1982, those claimants began to sue API for Asbestos-Related Claims. For decades, API continued to be sued in hundreds of cases in various states.

13.     The Asbestos-Related Claims typically include allegations of injury arising out of the operations of API. However, in any given Asbestos-Related Claim, it may not be until later that the precise nature of the allegations being made regarding the nature of exposure to various asbestos-containing materials are known. The Asbestos-Related

Claims typically allege that the claimant suffered asbestos-related bodily injuries over a period of many years as a result of conduct by API. Some claims may involve only a single asbestos exposure.

14.   The Trust is informed and believes, and on that basis alleges, that many additional Asbestos-Related Claims will be filed in the future seeking compensation for asbestos-related injuries and deaths.

**B.   API's Insurance Settlements**

15.   Certain of API's insurers have accepted responsibility for providing coverage for Asbestos-Related Claims and settled with API. These insurers are St. Paul Fire and Marine Insurance Company, Fireman's Fund Insurance Company, Great American Insurance Company, One Beacon American Insurance Company as successor to General Accident Insurance Company, and Continental Casualty Company ("Settling Insurers").

16.   While API and the Settling Insurers reached settlements with regard to insurance coverage for Asbestos-Related Claims, Atlantic has avoided liability and is a remaining entity that owes compensation and duties to the Trust.

**C.   The Atlantic Policy**

17.   Upon information and belief, Atlantic issued primary liability policy number 450353046 to API ("Atlantic Policy") with minimum limits of $100,000 per person and $300,000 per accident. The Atlantic Policy contains the same or substantially the same language as set forth in the applicable policy form used by Atlantic at the time the Atlantic Policy was issued.

18.     Atlantic has repeatedly refused to provide the coverage afforded by the Atlantic Policy despite repeated attempts by API to obtain coverage.

19.     As a result of Atlantic's denial of the coverage afforded under the Atlantic Policy, API filed for bankruptcy.

## FIRST CAUSE OF ACTION

For Declaratory Relief With Regard to Liability
Claims – Duty to Defend and/or Pay Investigation, Administration and Defense Costs

20.     The Trust re-alleges and incorporates by reference each of the statements, allegations and averments made in Paragraphs 1 through 19 inclusive, as though set forth in full herein.

21.     This is an action for declaratory relief brought pursuant to Rule 57 of the Minnesota Rules of Civil Procedure and Minnesota Statute § C.555. The Trust seeks a judicial determination of the rights and duties of Atlantic with respect to its obligations to provide a defense and investigation, and pay for defense and investigations with respect to the above-referenced Asbestos-Related Claims against API and the Trust.

22.     An actual controversy exists between and among the parties concerning their respective rights and obligations for providing and paying the costs of investigation, administration, and defense of the Asbestos-Related Claims under the Atlantic Policy.

23.     Pursuant to certain provisions in the Atlantic Policy, Atlantic has a continuing obligation to provide investigation and defense in connection with the Asbestos-Related Claims.

24.     The Trust is informed and believes, and on that basis alleges, that the position and claims of Atlantic concerning its obligations to pay for the costs of

investigation and defense of the Asbestos-Related Claims are in conflict with the provisions of the Atlantic Policy and with the Trust's clear legal rights thereunder.

25.    The Trust seeks a judicial determination of the respective rights and duties of the parties and a declaration that their contentions as set forth above are correct. Such a declaration is necessary and proper at this time in order that all the parties may determine their rights and obligations among themselves.

## SECOND CAUSE OF ACTION

For Declaratory Relief With Regard To Liability
Claims – Duty to Pay Claims

26.    The Trust re-alleges and incorporates by reference each of the statements, allegations and averments made in Paragraphs 1 through 25, inclusive, as though set forth in full herein.

27.    This is an action for declaratory relief brought pursuant to Rule 57 of the Minnesota Rules of Civil Procedure and Minnesota Statute § C.555. The Trust seeks a judicial determination of the rights and duties of Atlantic with respect to an actual controversy arising under the Atlantic Policy.

28.    An actual controversy exists between Atlantic and the Trust concerning their respective primary liability rights and obligations as to the payment of liabilities incurred by the Trust and API in the past and future with respect to the Asbestos-Related Claims.

29.    The Trust contends and seeks a judicial determination and declaration that the Atlantic Policy provides the Trust with insurance coverage for all sums that API paid

or the Trust will be obligated to pay in payment of settlements or judgments arising from past, present and future Asbestos-Related Claims relating to API's operations.

30.     The Trust is informed and believes, and on that basis alleges, that the position and claims of the Atlantic concerning the parties' respective rights and obligations as to payment of sums in connection with the Asbestos-Related Claims are in conflict with the provisions of the Atlantic Policy and the Trust's clear legal rights thereunder.

31.     The Trust seeks a judicial determination of the respective rights and duties of the parties and a declaration that its contentions as set forth above are correct. Such a declaration is necessary and proper at this time in order that all the parties may determine their rights and obligations among themselves.

### THIRD CAUSE OF ACTION

For Breach of Contract

32.     The Trust re-alleges and incorporates by reference each of the statements, allegations and averments made in Paragraphs 1 through 31, inclusive, as though set forth in full herein.

33.     API has paid premiums in full for the Atlantic Policy and the Trust is entitled to the full benefits and rights afforded by that policy. Atlantic has refused to investigate, defend or reimburse defense and investigation costs covered under its policy, has not paid claims and has otherwise failed to acknowledge its insuring obligations to API, for which the Trust is entitled to recover.

34.     By failing to pay claims, refusing to investigate, defend or reimburse defense and investigation costs, and to acknowledge its insuring obligations under the Atlantic Policy, Atlantic is liable for breach of contract resulting in the bankruptcy of API. As a direct result of Atlantic's breach of contract, the Trust is entitled to damages all in excess of $50,000 for which damages Atlantic is liable.

## FOURTH CAUSE OF ACTION

### For Contribution Rights

35.     The Trust re-alleges and incorporates by reference each of the statements, allegations and averments made in Paragraphs 1 through 34 inclusive, as though set forth in full herein.

36.     Pursuant to settlements with the Settling Insurers, the Trust has been assigned the Settling Insurers' rights and claims against other insurers of API.

37.     The Settling Insurers combined have paid or agreed to pay more than 70 million dollars in connection with the Asbestos-Related Claims. To the extent that one or more of the Settling Insurers paid more than its appropriate share under the policies issued to API, the Trust is entitled to contribution from Atlantic for those payments.

## FIFTH CAUSE OF ACTION

### For Fraudulent Misrepresentation

38.     The Trust re-alleges and incorporates by reference each of the statements, allegations and averments made in Paragraphs 1 through 37, inclusive, as though set forth in full herein.

39.     API notified Atlantic that it was seeking coverage for Asbestos-Related Claims. Atlantic denied issuing an insurance policy to API affording coverage for Asbestos-Related Claims. Atlantic has further misrepresented that it has insufficient evidence to establish coverage for API under any insurance policy.

40.     Atlantic knew that its representations to API were false or negligently made those representations without knowing whether it in fact it issued an insurance policy to API. In making those representations Atlantic intended that API not obtain coverage from Atlantic for Asbestos-Related Claims.

41.     As a direct result of Atlantic's misrepresentations, API was deprived of substantial insurance coverage and filed for bankruptcy. Furthermore, Atlantic's actions have deprived the Trust of adequate resources in order to pay Asbestos-Related Claims. The Trust is entitled to damages all in excess of $50,000 for which damages Atlantic is liable.

## SIXTH CAUSE OF ACTION

For Negligent Misrepresentation

42.     The Trust re-alleges and incorporates by reference each of the statements, allegations and averments made in Paragraphs 1 through 41, inclusive, as though set forth in full herein.

43.     API notified Atlantic that it was seeking coverage for Asbestos-Related Claims. Atlantic denied issuing an insurance policy to API affording coverage for Asbestos-Related Claims. Atlantic has further misrepresented that it has insufficient evidence to establish coverage for API under any insurance policy.

44.    An ordinary person in Atlantic's position would have discovered and communicated the existence of the said policy. In denying coverage, Atlantic acted unreasonably.

45.    As a direct result of Atlantic's misrepresentations, API was deprived of substantial insurance coverage and API filed for bankruptcy. Furthermore, Atlantic's actions have deprived the Trust of adequate resources in order to pay Asbestos-Related Claims. The Trust is entitled to damages all in excess of $50,000 for which damages Atlantic is liable.

## SEVENTH CAUSE OF ACTION

For Bad Faith/Breach of Fiduciary Duty

46.    The Trust re-alleges and incorporates by reference each of the statements, allegations and averments made in Paragraphs 1 through 45, inclusive, as though set forth in full herein.

47.    Atlantic had a fiduciary duty based on its relationship with API, including special circumstances present in that relationship, to act in the best interests of API and provide the coverage afforded under its policy by reconstructing the terms of that policy and properly handling and paying the Asbestos-Related Claims.

48.    Atlantic was aware that API faced liability arising from Asbestos-Related Claims and that many, if not all, of those claims arose from the operations of API.

49.    Atlantic is aware of the nature and existence of the Atlantic Policy, but has misrepresented and/or failed to acknowledge its obligations under the Atlantic Policy.

Based upon such misrepresentations, Atlantic has refused to provide a defense and acknowledge their duty to provide coverage for the Asbestos-Related Claims.

50.    As a direct result of Atlantic's bad faith conduct and breach of its fiduciary duties, API faced direct liability for Asbestos-Related Claims and filed for bankruptcy.

51.    Atlantic breached its fiduciary duty to API by, among other things, failing to provide, conserve and reconstruct API's insurance asset, failing to provide defense to API, failing to offer to settle Asbestos-Related Claims within Atlantic's policy limits, and failing to pay costs. The Trust is entitled to damages all in excess of $50,000 for which damages Atlantic is liable.

## EIGHTH CAUSE OF ACTION

For Tortious Breach of
The Implied Covenant of Good Faith And Fair Dealing

52.    The Trust re-alleges and incorporates by reference each of the statements, allegations and averments made in Paragraphs 1 through 51, inclusive, as though set forth in full herein.

53.    Atlantic Mutual has refused to acknowledge that it issued a policy covering the Asbestos-Related Claims and, based on this position, has improperly denied the nature and existence of a contractual relationship and has unreasonably refused to respond to the Asbestos-Related Claims.

54.    Atlantic is responsible for its failure to perform under its contract with API. As a direct result of the foregoing misconduct, the Trust is entitled to damages all in excess of $50,000 for which damages Atlantic is liable.

## NINTH CAUSE OF ACTION

### For Consumer Fraud

55.     The Trust re-alleges and incorporates by reference each of the statements, allegations and averments made in Paragraphs 1 through 54, inclusive, as though set forth in full herein.

56.     Atlantic, in its marketing and sale of its respective policies to API, misrepresented to API that any claims against API would be properly investigated, defended and indemnified by Atlantic according to the terms of the Atlantic Policy.

57.     Atlantic intended that API rely on its misrepresentations in the sale of its policy. Atlantic has not, in fact, afforded the coverage that its policy provides.

58.     By misrepresenting the coverage it would provide, through marketing and sale of the Atlantic Policy, Atlantic has violated the Minnesota Consumer Protection Act, Minn. Stat. § 325F.69.

59.     The Trust seeks to enjoin Atlantic from future violations.

### Prayer for Relief/Demand for Judgment

WHEREFORE, the Trust, respectfully prays that this Court enter judgment as follows:

### With Respect to the First Cause of Action

1.     A declaratory judgment adjudging that Atlantic has an obligation and duty to provide a defense to the Asbestos-Related Claims, to provide for the proper investigation, administration and disposition of Asbestos-Related Claims, and to pay any

defense or investigation cost incurred by or on behalf of API and/or the Trust in connection with Asbestos-Related Claims, together with costs and attorneys' fees.

### With Respect to the Second Cause of Action

2.    A declaratory judgment adjudging that Atlantic has an obligation to pay on behalf of API all sums that API and/or the Trust has become or becomes obligated to pay as damages, by way of settlement, judgment, or otherwise, arising from or related to past, present or future Asbestos-Related Claims arising from or related to API's operations, together with costs and attorneys' fees.

### With Respect to the Third Cause of Action

3.    By reason of Atlantic's breach of contract, the Trust is entitled to damages in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs and attorneys' fees.

### With Respect to the Fourth Cause of Action

4.    Recovery for contribution based on the Trust's assigned rights from the Settling Insurers in an amount in excess of Fifty Thousand Dollars ($50,000.00), for which it is entitled to recover, together with interest, costs and attorneys' fees.

### With Respect to the Fifth Cause of Action

5.    By reason of the fraudulent misrepresentation of the Atlantic, the Trust is entitled to damages in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs and attorneys' fees.

<u>With Respect to the Sixth Cause of Action</u>

6.     By reason of the negligent misrepresentation of the Atlantic, the Trust is entitled to damages in excess of Fifty Thousand Dollars ($50,000.00), for which it is entitled to recover, together with interest, costs and attorneys' fees.

<u>With Respect to the Seventh Cause of Action</u>

7.     By reason of the bad faith conduct of Atlantic, the Trust is entitled to damages in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs and attorneys' fees.

<u>With Respect to the Eighth Cause of Action</u>

8.     By reason of tortious breach of the implied covenant of good faith and fair dealing of Atlantic, the Trust is entitled to damages in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs and attorneys' fees.

<u>With Respect to the Ninth Cause of Action</u>

9.     By reason of Atlantic's violations of the Minnesota Consumer Protection Act, Atlantic should be enjoined from further violations and ordered to pay costs and attorneys' fees.

<u>With Respect to All Causes of Action</u>

10.     Any and all additional applicable legal and equitable remedies, including exemplary damages, and such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

The Trust respectfully requests a jury trial on all matters.


Dated:  March 20, 2009                FARICY LAW FIRM, P.A.


                                      s/ John H. Faricy, Jr.
                                      John H. Faricy, Jr. - #0140041
                                      Vadim Trifel - #0389035
                                      ATTORNEYS FOR THE
                                      API, INC. ASBESTOS
                                      SETTLEMENT TRUST
                                      Metropolitan Centre
                                      333 South Seventh Street, Suite 2320
                                      Minneapolis, MN  55402
                                      612-371-4400

# ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. 549.21, subd. 2, to the party against whom the allegations in this pleading are asserted.

s/ John H. Faricy, Jr.